UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60005-CR-ALTMAN

UNITED STATES OF AMERICA

v.

GREGORI JERSON MENDEZ PALACIOS,

Defendant.
_____/

PLEA AGREEMENT

The United States of America and GREGORI JERSON MENDEZ PALACIOS (hereinafter referred to as "the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Information, which charge the defendant with Smuggling Goods From the United States, in violation of Title 18, United States Code, Sections 554(a) and 2 (Count 1) and Alien in Possession of a Firearms and Ammunition, in violation of Title 18, United States Code, Section 922(g)(5) (Count 2).

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" in an advisory capacity). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable advisory guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable

advisory guideline range and impose a sentence that is either more severe or less severe than the advisory guidelines range. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that, with respect to Count 1, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years, and a fine of up to $250,000.00. With respect to Count 2, the defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years, and a fine of up to $250,000.00.

4. The defendant further understands and acknowledges that, in addition to the sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count of conviction, totaling $200, will be imposed on the defendant, which will be paid by the defendant at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "this Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon

sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the United States will not be required to make this motion and this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's

attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant agrees to the entry of a stipulated judicial order of removal from the United States pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1227. Specifically, the defendant admits that he is a native and citizen of Venezuela and that he is removable from the United States pursuant to Title 8, United States Code, Section 1227(a)(2)(A)(iii) upon his conviction for an aggravated felony as defined in Title 8, United States Code, Section 1101(a)(43)(E)(ii), which includes each of the offenses to which the defendant has agreed to plead guilty herein, as defined in Title 8, United States Code, Sections 1227(a)(2)(C) and 1227(a)(4)(A)(i). The defendant agrees to waive his rights to any and all forms of relief or protection from removal under the Immigration and Nationality Act and related federal regulations. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal. The defendant agrees to assist Immigration and Customs Enforcement (ICE) in the execution of his removal. Specifically, the defendant agrees to assist ICE in the

procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253. The defendant concedes that the entry of this judicial order of removal renders him permanently inadmissible to the United States.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States merchandise exported or sent from the United States, or attempted to be exported or sent from the United States, contrary to law, in violation of Title 18, United States Code, Section 554, an offense to which the defendant is pleading guilty, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise, prior to exportation, pursuant to Title 19, United States Code, Section 1595A(d), as incorporated by Title 28, United States Code, Section 2461(c). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm and ammunition involved in or used in the commission of the offense, in violation of Title 18, United States Code, Section 922(g), to which the defendant is pleading guilty, or any other criminal law of the United States as alleged in the Information, pursuant to Title 18,

United States Code, Section 924(d)(1). The property subject to forfeiture includes, but is not limited to, the firearms and ammunition listed in the Information (DE 15, pp. 3-7, ¶¶ a-gggg).

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to

firearm or ammunition, pursuant to Title 18, United States Code, Sections 554(a) and 922(g)(5)(B).

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 3/31/2021

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

I have read the Factual Proffer in Support of Plea Agreement set forth above. I believe that the above-stated facts set forth all the elements for the offense Smuggling Goods From the United States, in violation of Title 18, United States Code, Section 554(a), as charged in Count 1 of the Information, and Alien in Possession of Firearms and Ammunition, in violation of Title 18, United States Code, Section 922(g)(5), as charged in Count 2 of the Information. I agree with all the facts set forth in the Factual Proffer in Support of Plea Agreement.

Date: 04/06/21

JAY WHITE
ATTORNEY FOR DEFENDANT

Date: 04/06/21

GREGORI JERSON MENDEZ PALACIOS
DEFENDANT